FILED

JUL 17 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILKES, | No. C 12-2018 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| CONTRA COSTA COUNTY DISTRICT ATTORNEY, | |
| Defendant. | |

Plaintiff, a California pretrial detainee proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

## BACKGROUND

Plaintiff alleges that he was tasered for "17 cycles" by Officer K. Tong of the Richmond Police Department. Plaintiff states that he filed a lawsuit, and has filed many state and federal complaints. Plaintiff has not had a preliminary hearing nor a lawyer. Further, plaintiff suffers from schizophrenia, and is taking medication. Plaintiff asserts that the district attorney is "taking advantage" of him, and requests removal to federal court under 28 U.S.C. § 1443.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim, a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

As an initial matter, section 1443 does not permit a plaintiff to remove a state court case to federal court. In addition, Plaintiff has already filed the instant civil rights action in federal court, so there is nothing to "remove." To the extent Plaintiff requests a preliminary injunction,

it is not at all clear what Plaintiff wishes to enjoin. Moreover, prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Because no adverse party has been notified, a motion for preliminary injunction cannot be decided. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Thus, Plaintiff's request for a preliminary injunction is denied without prejudice.

As the complaint currently reads, the Court cannot determine what Plaintiff's federal claim or claims are, if any. Plaintiff must state "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. To state a claim arising under federal law, it must be clear from the face of Plaintiff's complaint that there is a federal question. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). Plaintiff will be given an opportunity to amend his complaint, and set forth facts sufficient to state a federal constitutional claim, if he can do so in good faith. In his amended complaint, Plaintiff must "set forth specific facts" regarding what each Defendant did, or did not do, that violated his federal constitutional rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 12-2018 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in the Court dismissing this action.**

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket number 4.

IT IS SO ORDERED.

DATED: 7/17/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID GASTON WILKES,

        Plaintiff,

v.

DISTRICT ATTORNEY et al,

        Defendant.

Case Number: CV12-02018 LHK

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Gaston Wilkes CCHDI781
901 Court Street
Martinez, CA 94553

Dated: July 17, 2012

                                        Richard W. Wieking, Clerk
                                        /s/ By: Elizabeth Garcia, Deputy Clerk